UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-607** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.** | **DIVISION "3"** |

**ORDER**

On March 7, 2012, Defendant's Motion to Dismiss or Transfer for Lack of Venue [Doc. #31] came on for oral hearing before the undersigned. Present were Derrick Allen *pro se* and Glenn Schreiber on behalf of defendants. After the oral hearing, the Court took the motion under advisement and ordered defendants to reply to Allen's latest pleading. Defendants have done so. Having reviewed the motion, the oppositions, the numerous replies, the case law and the parties' oral arguments, the Court rules as follows.[1]

**I.   Background**

The complaint and amended complaint allege as follows. The Federal Emergency Management Agency ("FEMA") employed plaintiff Derrick Allen after Hurricane Katrina as a Maintenance Field Inspector with its Louisiana Transitional Recovery Office. He was brought on as a Disaster Assistance Employee ("DAE"), that is, as a Local Hire, in December 2005. A Local

---

[1] The parties consented to proceed before the undersigned under 28 U.S.C. § 636(c).

Hire is an employee temporarily hired under the authority of the Stafford Act and is appointed to 120-day assignments, subject to renewal based on need. Local Hires can be moved between departments as needed.

Another type of worker that FEMA hired at that time, Cadre of On-Call Response/Recovery Employees ("COREs"), are also temporary appointments that may be renewed or extended based on need. In contrast to Local Hire appointments, CORE appointments are for two or four years with full federal benefits. 42 U.S.C. §5149.

As described in the Decision Without Hearing that Allen attaches to his original complaint, the discriminatory actions of which Allen complains and that he pursued in his administrative Equal Employment Opportunity Commission ("EEOC") complaint of reprisal were (1) he was instructed to clean out an infested trailer on May 14, 2008; (2) as of December 10, 2007, he had not been offered a CORE position and was not otherwise advised by the Human Relations Department whether he was certified eligible for several vacancy announcements; and (3) his manager sent out an e-mail on November 28, 2007, following an Alternative Dispute Resolution ("ADR") session that addressed hiring practices, in which subordinate managers were asked to monitor the performance of Local Hires under them purportedly to justify hiring DAEs in their place. [Doc. # 3-1 at pp. 13-14]. The same Decision Without Hearing avers that "the challenged agency conduct arose [in] . . . the Louisiana Transitional Recovery Office (LATRO) in Baton Rouge, Louisiana." [*Id.* at p. 13].

On December 14, 2010, the EEOC rendered judgment in favor of defendants. Allen then sued defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

**II.     Law and Analysis**

Defendants contend that venue lies in the Middle District of Louisiana or the Southern

District of Alabama. Defendants thus ask the Court to dismiss Allen's lawsuit on the ground of improper venue, or, alternatively, to transfer the lawsuit to the Middle District of Louisiana. Citing the general venue provision, 28 U.S.C. § 1391, Allen argues that venue lies here in the Eastern District of Louisiana. But Section 1391 is inapplicable here, and plaintiff is incorrect.

Congress has adopted special venue provisions for Title VII cases. *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003). Specifically, 42 U.S.C. § 2000e-5(f)(3) states:

> [A Title VII action] may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Thus, venue in a Title VII case may be brought in any judicial district where (1) the allegedly unlawful practice occurred, (2) the employment records are kept, or (3) where the alleged victim would have worked. The fourth possibility, the district in which the defendant has its principal office, is available only in the event that the defendant may not be found in a district dictated by the first three venue options. *See Mackey v. Sullivan*, Civ. A. 90-0007, 1991 WL 128510, *2 (D.D.C. Mar. 28, 1991) (quoting 42 U.S.C. § 2000e-5(f)(3)); *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 95 (D.D.C. 1983) ("the principal office of an agency supports venue only if all three prior venue provisions cannot be satisfied in any judicial district.").

The United States Fifth Circuit Court of Appeals has held that the venue provisions of 28 U.S.C. §§ 1404 and 1406 are also applicable and should be considered in Title VII cases. *Id.* at 433. Section 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer a pending case is within the sound discretion of the district court. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The party moving for a change of venue bears the burden of proving why the forum should be changed. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Additionally, the plaintiff's choice of forum generally should not be disturbed, unless the balance of factors strongly favors the moving party. *See Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667-68 (S.D. Tex. 1999) (citing *Henderson v. AT & T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex.1996); *see also Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

On the face of Allen's complaint, including the exhibits attached to it,[2] venue is improper in the Eastern District of Louisiana. Defendants employed Allen in Baton Rouge, Louisiana. [Doc. #3-1 at p. 13]. The personnel actions of which Allen complains thus occurred in the Middle District of Louisiana. In addition, the positions for which Allen applied and for which FEMA did not hire him existed in Mobile, Alabama, or in the Southern District of Alabama. [Doc. #3-1 at p. 20]. Further, Allen alleges that defendants' employment records are kept in Washington, D.C. in the

---

[2] "[U]nder both Rule 12(b)(1) and Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008) (citing *Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (internal quotation marks omitted))); *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1138-40 (9th Cir. 2004) (holding that, in the absence of factual findings made by the district court based on an evidentiary hearing, affidavits and other evidence submitted by the non-moving party in the context of a Rule 12(b)(3) challenge are to be viewed in the light most favorable to that party).

District of Columbia.

In his supplemental opposition, Allen admits that he worked out of the office in Baton Rouge, Louisiana. Indeed, the affidavit of Nora Huete, Allen's second-level supervisor, confirms that Allen worked out of the Baton Rouge office, where Tonda Scott supervised him. [Doc. #41, Ex. 7 at ¶ 5]. Allen himself admits that Scott supervised him. [*Id.*, Ex. 8 at p. 1]. Allen also notes that the infested trailer that he was ordered to clean was in Lafayette, Louisiana, which is in the Western District of Louisiana. None of these facts supports venue here.

The day before the oral hearing, Allen filed a sur-reply, to which he attached one page of a 35-page affidavit that lists job positions in New Orleans for which he allegedly applied. Were this true, venue would be proper here. At the oral hearing, the Court ordered defendants to file a supplemental memorandum to address in particular this argument. In its sur-sur-reply, defendants note that Allen exhausted only three vacancy announcements in his EEOC application: KAT-06-TRO-759-JES, KAT-06-TRO-763-JES, and KAT-06-TRO-774-JES. [Doc. #41, Ex. 1]. All of these positions were located in Mobile, Alabama, which, were Allen to have received them, would have been the venue in which he would have worked. [Doc. #41, Exs. 3, 4 & 5]. Allen thus only exhausted his administrative remedies with regard to these three positions, and any other potential employment positions would not provide venue here. Venue may only be based on the loci of the employment positions that Allen did not receive and for which he exhausted his administrative remedies. *See, e.g., Drake v. Nicholson*, 324 Fed. Appx. 328, 331 (5th Cir. 2009) (holding that with regard to two discrimination claims, plaintiff had failed to allege retaliation in his EEOC complaint and had thus failed to exhaust his administrative remedies as to the retaliation claims); *Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 18 (D.D.C. 2002) (holding that venue was improper in the District

of Columbia when plaintiff would have remained in Arlington, Virginia even if he had been promoted).

Allen argues that venue is proper here because the orders (*i.e.*, the e-mails) originated from Algiers, Louisiana, where the agency had its principal place of business.  But, as noted above, the principal place of business of an agency is a proper venue only if the first three venue options can not be met.  That is not the case here.

The Court must next determine whether to dismiss or to transfer Allen's lawsuit.  Because venue might lie in the Middle or Western Districts of Louisiana, the Southern District of Alabama or even the District of Columbia, the Court will dismiss the action without prejudice to afford Allen the opportunity to choose the most appropriate forum in which to litigate his claim.  *See, e.g., Bartel v. FAA*, 617 F. Supp. 190, 198 (D.D.C. 1985) (finding it appropriate to dismiss action to allow plaintiff to choose most appropriate forum in which to litigate his claim).

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss or Transfer for Lack of Venue [Doc. #31] is GRANTED in that plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the Motion for Settlement [Doc. #38] is DISMISSED AS MOOT.

New Orleans, Louisiana, this 19th day of March, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**