## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DERRICK ALLEN**                                                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 11-607**

**U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.**      **DIVISION "3"**

### ORDER

Before the Court is Plaintiff's Motion for New Trial or Reconsideration [Doc. #45].[1]  For the reasons that follow, the Court denies the motion.

### I.      Background

The complaint and amended complaint allege as follows.  The Federal Emergency Management Agency ("FEMA") employed plaintiff Derrick Allen after Hurricane Katrina as a Maintenance Field Inspector with its Louisiana Transitional Recovery Office.  He was brought on as a Disaster Assistance Employee ("DAE"), that is, as a Local Hire, in December 2005.  A Local Hire is an employee temporarily hired under the authority of the Stafford Act and is appointed to 120-day assignments, subject to renewal based on need.  Local Hires can be moved between departments as needed.

Another type of worker that FEMA hired at that time, Cadre of On-Call Response/Recovery

---

[1]      The parties consented to proceed before the undersigned under 28 U.S.C. § 636(c).

Employees ("COREs"), are also temporary appointments that may be renewed or extended based

on need.  In contrast to Local Hire appointments, CORE appointments are for two or four years with

full federal benefits.  42 U.S.C. §5149.

   As described in the Decision Without Hearing that Allen attaches to his original complaint,

the discriminatory actions of which Allen complains and that he pursued in his administrative Equal

Employment Opportunity Commission ("EEOC") complaint of reprisal were (1) he was instructed

to clean out an infested trailer on May 14, 2008; (2) as of December 10, 2007, he had not been

offered a CORE position and was not otherwise advised by the Human Relations Department

whether he was certified eligible for several vacancy announcements; and (3) his manager sent out

an e-mail on November 28, 2007, following an Alternative Dispute Resolution ("ADR") session that

addressed hiring practices, in which subordinate managers were asked to monitor the performance

of Local Hires under them purportedly to justify hiring DAEs in their place. [Doc. # 3-1 at pp.

13-14].  The same Decision Without Hearing avers that "the challenged agency conduct arose [in]

. . . the Louisiana Transitional Recovery Office (LATRO) in Baton Rouge, Louisiana." [*Id.* at p. 13].

   On December 14, 2010, the EEOC rendered judgment in favor of defendants.  Allen then

sued defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

Defendants moved to dismiss or transfer for lack of venue.  After an oral hearing, the Court granted

the motion to dismiss Allen's complaint without prejudice to afford Allen the opportunity to re-file

his complaint in an appropriate venue.  [Doc. #42].  Allen now moves for reconsideration of that

order.

## II.    Law and Analysis

   The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in*

*haec verba.   See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).

Nevertheless, the Fifth Circuit has held that a motion for reconsideration may be classified under

either Rule 59 or Rule 60, depending on the time of filing.  *See id.; see also Lavespere v. Niagara*

*Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little*

*v. Liquid Air Corp* ., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).  Because plaintiff filed this

motion before the 14-day cut-off for a motion to reconsider under Federal Rule of Civil Procedure

59(e), that rule is applicable.

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that

should be used only sparingly and not to re-litigate old matters, raise new arguments, or present

evidence that should have been raised in the earlier motion.  *See Karim v. Finch Shipping Co.*, 111

F. Supp. 2d 783, 784 (E.D. La.2000).  A court may entertain a motion for reconsideration if the

moving party demonstrates (1) newly-discovered or previously unavailable evidence, (2) that the

motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to

prevent manifest injustice, or (4) that the motion is justified by an intervening change in the

controlling law.  *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La.

May 26, 2000).

For the following reasons, the Court denies the motion. Allen has not demonstrated to the

Court that (1) any newly-discovered or previously unavailable evidence exists, (2) the motion is

necessary to correct a manifest error of fact or law, (3) the motion is necessary to prevent manifest

injustice, or (4) the motion is justified by an intervening change in the controlling law.  *Id.*  The

Court has already explained its reasons for rejecting all of the factors that Allen contends support

jurisdiction in the Eastern District of Louisiana.  Allen points to no new evidence to support his

position.  Neither has there been an intervening change in the law.  The Court issued its initial opinion approximately two months ago.

Neither does the Court find that the motion is necessary to correct a manifest error of fact or law or to prevent manifest injustice.  The Court has already opined that the Middle District of Louisiana is a potential contender for venue here.  That district is not far from the Eastern District, and, in any event, the Court takes judicial notice that plaintiff resides closer to Baton Rouge than he does to New Orleans.  No hardship or injustice will occur should he prosecute his lawsuit in the Middle District.  The Court is not depriving plaintiff of a convenient forum in which to litigate his claim.

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for New Trial or Reconsideration [Doc. #45] is DENIED.

New Orleans, Louisiana, this  6th  day of June, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**